For these reasons the judgment of the court of common pleas will be reversed and the case remanded.

---

## TRIAL—SANITY.

[Hamilton (1st) Circuit Court, 1902.]

Swing, Giffen and Jelke, JJ.

ROSSELOT v. STATE.

1. SECTION 7240, REV. STAT., IS MANDATORY.

Section 7240, Rev. Stat., requiring a court, upon the trial of a person indicted for a crime, and suggestion by his counsel and physician's certificate of his insanity, to submit the question thereof to a special jury, is mandatory.

2. DENIAL OF STATUTORY RIGHT—REVERSIBLE ERROR.

Where a court refuses to impanel a special jury to try the question of the insanity of a person on trial for homicide, there being no suggestion in the record that his attorneys did not suggest, nor present a physician's certificate of such fact, but the court determines himself that the defendant is sufficiently sane to proceed with his trial, the accused is denied his statutory right to have his sanity tried by a jury as provided by Sec. 7240, Rev. Stat., for which a verdict of guilty will be reversed.

HEARD ON ERROR.

Shay & Cogan, for plaintiff in error.

Louis B. Sawyer and Arthur C. Minning, contra.

Hoffheimer, Morris & Sawyer, prosecuting attorneys, cited:

As to the construction of Revised Statutes, Sec. 7240. Authorities gathered in Nobles v. Georgia, 168 U. S. 398, 406 [18 S. Ct. Rep. 87] ; State v. Reed, 7 So. Rep. 132 [41 La. Ann. 581] ; Ohio Life Ins. Co. v. Goodin, 10 Ohio St. 557 ; 1 Bates' Digest, column 895 ; State v. Arnold, 12 Ia. 483 ; 16 Am. & Eng. Enc. of Law (2 ed.), 622, n. 2 ; State v. Kiesewetter, 45 Ohio St. 254, 260, 261 [12 N. E. Rep. 807] ; Gandolfo v. State, 11 Ohio St. 114, 118 ; People v. McIlvaine, 26 N. E. Rep. 929

Rosselot v. State.

[125 N. Y. 596 ; 18 Am. St. Rep. 820] ; People v. Hettick, 58 Pac. Rep. 918 [126 Cal. 425] ; Laros v. Commonwealth, 84 Pa. St. 200, 211.

SWING, P. J.

The plaintiff was tried and convicted in the court of common pleas of the crime of murder in the second degree.

After the jury had been sworn, and during the progress of the trial, the aforesaid Rosselot's counsel suggested to the court that Rosselot was insane, and produced to the court the certificate of one John T. Booth, who represented himself as a reputable physician practicing medicine in the city of Cincinnati. Said Dr. Booth represented to the court that he had examined the said Rosselot and found him to be an insane man, and wholly unable to give any assistance to his counsel or give evidence as a witness ; and defendant requested the court to have a jury impaneled under the provisions of Sec. 7240, Rev. Stat., to try the question as to the sanity of the defendant. This the court refused to do and defendant excepted.

The court gave as its reasons for not granting the request the following :

" But I am of the opinion that this is not the proper time to take advantage of the proceedings provided for in that section to test the defendant's sanity, and the court wishes it to be made a part of the record that when the defendant was brought into the court for trial yesterday morning, December 16, that no objection was made by Mr Cogan, the only counsel for the defendant then present, upon the ground that the defendant was mentally incapable of going to trial. Mr. Cogan entered a protest to proceeding with the trial and desired that his exception be saved to the ruling of the court that he must proceed with the trial. The court made inquiry of various persons after the defendant was brought into court to ascertain if he was in mental condition to proceed with the trial, and was satisfied at the time that he was, and thereupon ordered the trial to proceed. It is the opinion of the court at this trial therefore that the defendant is able to proceed with the trial and the trial must go on."

It should be noted that Mr. Shay, the leading counsel of defendant was not present at the beginning of the trial, but made said suggestions soon after he entered on the trial of the case.

Section 7240, Rev. Stat., provides : " When the attorney of a person indicted for an offense suggests to the court in which the indictment is pending, at any time before sentence, that such person is not then sane, and a certificate of a respectable physician to the same effect is presented to the court, the court shall order a jury to be impaneled

to try whether or not the accused is sane at the time of such impaneling."

This provision of the statute is mandatory, and the court must comply with the same provided the party indicted has brought himself within its provisions. Undoubtedly the court in the first instance is vested with the power to determine whether or not the attorney of one indicted for an offense suggests to the court the insanity of the accused and whether or not a certificate of a respectable physician is presented suggesting said insanity of the accused; but these provisions of the statute having been complied with, nothing remains for the court to do but to proceed in accordance with the requirements of the statute to impanel a jury and try the question of the sanity of the defendant.

In this cause the court refused to comply with the statute, but took upon itself to determine whether the defendant was sufficiently sane to proceed with his trial. The trial proceeded, and the defendant was convicted of the crime charged in the indictment, and sentenced, as required by law. The result is that the defendant was denied the right to have his sanity tried by a jury, under the provision of this section, when he had complied with its provisions, there being no suggestion in the record that the attorneys of the defendant did not suggest the insanity of the defendant, or that the defendant did not also present a certificate of a respectable physician to the same effect.

The defendant had the right to be tried by a jury as to his sanity at the time of the impaneling of the jury. If insane, the trial should not have proceeded, for it is the intent of the law that a man shall not be tried on an indictment at a time when he is insane. And whether he is insane or not he is to be tried by a jury impaneled for that purpose alone, and not by the judge or jury which is impaneled to try the issue as to the truth of the indictment.

In refusing to submit this question to a jury, we think the court erred, and for this error the judgment should be reversed, and cause remanded for further proceedings.